UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID T. TRAN,   CASE NO. 19-61384-CIV-ALTMAN

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE,

    Defendant.
_____/

## MOTION TO DISMISS COMPLAINT

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("Ross University"), by counsel, hereby files its Motion to Dismiss the Complaint [ECF No. 1] filed by plaintiff David T. Tran ("Plaintiff").

## INTRODUCTION

Plaintiff is a former medical school student who attended Ross University, a medical school located in Dominica. *See* Complaint at ¶ 1. While this is the not the first forum in which Plaintiff has attempted to bring his claims against Ross University, those claims are now time-barred and must be dismissed.

Plaintiff first filed a lawsuit against Ross University on or about September 22, 2016 in the Superior Court of Riverside County, California. That case was removed to federal court by Ross University and was voluntarily dismissed by Plaintiff on November 1, 2016. *See Tran v. DeVry Medical International, Inc.*, 5:16-cv-02262-JGB-DTB (C.D. Cal. 2016). Plaintiff brought a second suit against Ross University on March 27, 2017, in the United States District Court for the Central District Court of California. *See Tran v. Ross University School of Medicine*, Case No.

5:17-cv-00583-JGB-DTB (C.D. Cal. 2017).  This second case was dismissed on March 16, 2018 due to the Plaintiff's inability to establish personal jurisdiction over Ross University.

In what appears to be his third attempt to assert claims against Ross University, Plaintiff files the instant action in this District.  Plaintiff alleges six different causes of action for negligence, breach of implied and express contracts and fraudulent misrepresentation.  Plaintiff cites to Florida law in his Complaint and appears to argue that Florida law governs his claims.  *See, e.g.,* Complaint at ¶ 47.  However, under Florida law, Plaintiff's claims are time-barred and, therefore, they must be dismissed with prejudice.

Moreover, Plaintiff fails to state a claim for which relief may be granted.  Although Plaintiff has not expressly brought claims of discrimination, his state law claims involve allegations of purported discriminatory acts taking place in Dominica.  To the extent that he alleges discrimination claims, any purported conduct occurred outside of the United States and is not covered by federal anti-discrimination laws.  As this Court recently ruled in a case involving another former medical student of Ross University, Ross University cannot be found liable for discriminatory conduct occurring outside of the United States.  *See Awodiya v. Ross University School of Medicine, School of Veterinary Medicine, Limited*, Case No. 18-60482-CIV-ALTMAN/Hunt, 2019 WL 2514965, at * 3 (S.D. Fla. June 18, 2019).  Thus, Plaintiff's claims fail and the Complaint should be dismissed with prejudice.

## **LEGAL STANDARD**

"Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if it fails to state a cause of action."  *Burden v. City of Opa Locka*, Case Number: 11-22018-CIV-MARTINEZ/MCALILEY, 2012 WL 12865849, at *1 (S.D. Fla. June 25, 2012).  When reviewing a complaint under Rule 12(b)(6), the court is limited to the four corners of the complaint and must

accept all well-pleaded allegations as true, drawing all inferences in favor of the non-moving party. *Id.* "Dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) is appropriate where it is 'apparent from the face of the complaint' that a claim is barred by the statute of limitations." *Bedtow Group II, LLC v. Ungerleider*, Case No.: 15-CV-80255-RYSKAMP/HOPKINS, 2015 WL 13310463, at *4 (S.D. Fla. Sept. 30, 2015).

Under the notice pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. *Olagues v. Frost*, 325 F. Supp. 3d 1315, 1317 (S.D. Fla. 2018). The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. *Id.* Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). For the reasons set forth below, Plaintiff fails to state a claim and the Complaint should be dismissed with prejudice.

## ARGUMENT

### I. The Complaint Must be Dismissed Because Plaintiff's Claims are Untimely.

Dismissal is warranted because Plaintiff's claims are untimely. "Although the statute of limitations is an affirmative defense, it may be raised in a motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) 'when failure to comply with the statute of limitations is plain on the face of the complaint.'" *Foudy v. County of Miami-Dade*, Civil Action No. 14-23009-Civ-Scola, 2015 WL 12916425, at *2 (S.D. Fla. Apr. 21, 2015) (citing *Foster v. Savannah Commc'n*, 140 Fed. Appx. 905, 907 (11th Cir. 2007)). *See also Bedtow Group II, LLC*

3

*v. Ungerleider*, Case No.: 15-CV-80255-RYSKAMP/HOPKINS, 2015 WL 13310463, at * 4 (S.D. Fla. Sept. 30, 2015).

**a. Plaintiff's Claims are Barred by the Applicable Statute of Limitations.**

Plaintiff brings this suit alleging six different causes of action: (1) breach of implied-in-fact contract; (2) breach of contract; (3) breach of covenant of good faith and fair dealing; (4) misrepresentation; (5) negligence; and (6) intentional/negligent infliction of emotional distress.

Under Florida law, the applicable statute of limitation for a breach of contract claim is five (5) years. *See* Fla. Stat. § 95.11(2)(b); *Osbourne v. Air Jamaica*, No. 10-61872-Civ, 2010 WL 5068403, at * 1 (S.D. Fla. Dec. 6, 2010). This five-year statute of limitations is applicable to Plaintiff's first, second and third causes of action, respectively. Plaintiff alleges that the "last element of [his] claim did not occurred [*sic*] until he was unjustly dismissed in May of 2013." [ECF No. 1] at ¶ 5. Because the statute of limitations for a contract claim accruing in May 2013 would expire in May 2018, Plaintiff's claims are untimely. Counts I, II and III of the Complaint should be dismissed.

Likewise, Plaintiff's claims for negligent misrepresentation (Count IV), negligence (Count V) and intentional/negligent infliction of emotional distress (Count VI) should be dismissed as untimely. The applicable statute of limitation for Plaintiff's tort claims is four (4) years. *See* Fla. Stat. § 95.11(3)(a); *Martin v. World Wide Child Care Corp.*, CASE NO. 9:17-cv-80188-ROSENBERG/BRANNON, 2017 WL 9618895, at *4 (S.D. Fla. Dec. 1, 2017) (four-year limitations period for negligent misrepresentation); *Osbourne*, 2010 WL 5068403, at * 1 (four-year limitations period for claims founded on negligence); *Ross v. Twenty-Four Collection, Inc.*, 617 So. 2d 428, 428 (Fla. Dist. Ct. App. 1993) (four-year limitations period for intentional infliction of emotional distress). Like Plaintiff's breach of contract claims, his negligence claims should also be dismissed as untimely.

Further, the allegations pertaining to Plaintiff's negligence claim involve purported conduct that took place in 2011 – before Plaintiff's first dismissal from Ross University. *See, e.g.,* [ECF No. 1] at ¶¶ 66-71. This further bolsters the argument for dismissal as Plaintiff is precluded from now seeking to adjudicate a claim eight years later after it accrued.

### b. Section 1367(d) Does Not Toll the Statute of Limitations in This Action.

Plaintiff contends that 28 U.S.C. § 1367(d) tolls the period of limitations for several of his claims because he voluntarily dismissed them previously. [ECF No. 1] at ¶ 6. This assertion is incorrect. Tolling under § 1367(d) only applies to a subsequent attempt to bring supplemental state law claims in state court, not to an effort to bring those claims once again in a federal forum. *See Artis v. District of Columbia*, 138 S. Ct. 594, 595 (2018) (recognizing that § 1367(d) supplies "a tolling rule that must be applied by state courts"). *See also Scarborough v. Carotex Constr., Inc.*, Case No. 09-60156-CIV-GRAHAM/TORRES, 2010 WL 11506501, at *2 (S.D. Fla. Apr. 30, 2010) ("To prevent the limitations period on those claims from expiring while they are pending in federal court, 28 U.S.C. § 1367(c) requires state courts to toll the period while a supplemental claim is pending in federal court. …"); *Sencion v. Lady Burd Exclusive Cosmetics, Inc.*, Case No. 06-80772-CIV-JOHNSON, 2007 WL 9701850, at *5 (S.D. Fla. Sept. 14, 2007) ("Dismissal of any pending state claims is to be without prejudice so that 'plaintiffs may refile them in the appropriate state court.' Any applicable statute of limitations is tolled for any remaining pendent state claim 'while the claim is pending and for a period of 30 days after it is dismissed. …'" ); *Madray v. Publix Super Markets, Inc.*, 30 F. Supp. 2d 1371, 1376 (S.D. Fla. 1998); *Shields v. City of Lake Mary, Florida*, 2009 WL 10706159, at *2 (M.D. Fla. Mar. 23, 2009) ("Normally, state law claims dismissed by a district court pursuant to 28 U.S.C. § 1367(c)(3) have their statute of limitations tolled for at least thirty days post-dismissal by 28 U.S.C. § 1367(d)"). Here, Plaintiff is not seeking to replead his claims in state court but instead seeks to bring yet another lawsuit against Ross

5

University in a different federal district. Section 1367(d) is inapplicable here and, therefore, Plaintiff's claims are time-barred.

    **c. Dismissal of Claims Without Prejudice Does Not Toll the Limitations Period.**

Plaintiff alleges in his Complaint that his claims are timely because his prior cases were dismissed without prejudice. [ECF No. 1] at ¶ 5. "The Eleventh Circuit has unequivocally held in multiple contexts that the 'dismissal of a complaint, *without prejudice*, does not allow a later complaint to be filed outside the statute of limitations.'" *Olagues v. Frost*, 325 F. Supp. 3d 1315, 1319 (S.D. Fla. 2018) (emphasis added). *See also Jackson v. Hall Cnty. Gov't, Ga.*, 568 Fed. Appx. 676, 679 (11th Cir. 2014); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982) (dismissal of an earlier suit without prejudice does not authorize a subsequent suit brought outside of the otherwise binding statute of limitation); *Dade Cnty. v. Rohr Indus. Inc.*, 826 F.2d 983, 989 (11th Cir. 1987) ("Although the filing of a federal action will initially toll the running of the statute of limitations, the subsequent voluntary dismissal of the federal action has the effect of placing the parties in a position as if the suit had never been filed."); *Johnson v. Fla. Dep't of Health/Martin Cnty. Health Dep't*, No. 12-80289-CIV, 2012 WL 6061770, at *2 (S.D. Fla. Dec. 6, 2012) (dismissing second complaint as untimely as a matter of law after the first complaint was dismissed without prejudice.). Thus, Plaintiff's claims cannot survive the now expired statutory period just because Plaintiff asserts that prior state law claims were dismissed without prejudice.

    **d. Even if Plaintiff's Claims were Tolled During His Prior Lawsuits, His Claims Would Still be Untimely.**

Even if Plaintiff could argue that the filing of his prior suits tolled the limitations period for bringing his claims, such claims would still be untimely. The first lawsuit filed by Plaintiff, alleging breach of contract claims, was filed on October 28, 2016 and terminated four days later, on November 1, 2016. Plaintiff filed his second suit on March 27, 2017, again alleging breach of

...
...
...

contract claims as well as claims for negligence and misrepresentation. This suit was terminated three hundred and fifty-four (354) days later on March 16, 2018. Thus, even if an argument could be made that the statutory period was tolled while these matters were pending, it would only toll the statutory period for Plaintiff's negligence claims for three hundred and fifty-four (354) days and Plaintiff's breach of contract claims for three hundred and fifty-eight (358) days, or less than a year in total.

On the face of his Complaint, Plaintiff alleges that his claims accrued in May 2013. Assuming that the statutory period for the breach of contract claims was tolled for 358 days, the statutory period for Plaintiff's contract claims and misrepresentation claim expired in April 2019 for the contract claims and April 2018 for the misrepresentation claim. Similarly, Plaintiff's negligence claims in Count V of the Complaint accrued in 2011. If the statute of limitations tolled for 354 days for this claim, it still expired in 2016 at the latest.

Tolling of the statute of limitations does not save Plaintiff's claims from dismissal.

## II.     Allegations of Discrimination Cannot Form the Basis for Plaintiff's Claims.

Although Plaintiff has not expressly brought claims of discrimination, his state law claims involve allegations of purported discriminatory acts taking place in Dominica. Specifically, in Count I of his Complaint, Plaintiff allege that Ross University breached a purported implied-in-fact contract during his fourth semester, when a professor purportedly subjected him to discriminatory, hostile and unfair treatment. [ECF No. 1] at ¶ 50. Plaintiff goes on to allege that Ross University failed to deliver appropriate accommodations for Plaintiff prior to his first dismissal from the university. *Id.* This is not the only instance where Plaintiff alleges discrimination. In fact, allegations of discrimination form the basis for each count within the Complaint. However, these allegations cannot serve as the basis for Plaintiff's claims where Ross

University does not owe a legal duty outside of the United States for conduct occurring in Dominica.

In *Awodiya*, 2019 WL 2514965, this Court recently held that "[i]t is a 'longstanding principal of American law that legislative of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States.'" *Id*. at *3. The Court went on to dismiss claims under Title III of the Americans with Disabilities Act (ADA) and the Rehabilitation Act, as well as state law claims for fraud and negligent misrepresentation, based upon the extraterritorial location where the allege conduct occurred. *Id*. Other courts have similarly held that Title III of the ADA and the Rehabilitation Act do not apply extraterritoriality. *See Archut v. Ross University School of Veterinary Medicine*, Civil Action No. 10-1681 (MLC), 2012 WL 5867148 (D.N.J. Nov. 19, 2012); *Galligan v. Adtalem Glob. Educ. Inc.*, No. 17 C 6310, 2019 WL 423356 (N.D. Ill. Feb. 4, 2019).

Title VI of the Civil Rights Act, which applies to entities that administer, oversee, or operate a federally assisted program or activity for the public, prohibits discrimination against an individual "in the United States" on the basis of race, color or national origin. 42 U.S.C. § 2000(d). "United States" is defined to include "States of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, American Samoa, Guam, Wake Island, the Canal Zone, and the territories and possessions of the United States." 34 C.F.R. 100.13(e). A plain reading of the statute confirms that Title VI does not apply in a foreign country such as Dominica.

Because laws such as Title III of the ADA (failure to accommodate) and Title VI of the Civil Rights Act of 1964 (prohibition of discrimination on the basis of race in programs and activities receiving federal financial assistance) do not apply extraterritoriality, claims based on

8
49458872;5

allegations of discrimination cannot serve as a basis for Plaintiff's Complaint. Therefore, Counts IV, V and VI should be dismissed.

### III. Count VI for Intentional and Negligent Infliction of Emotional Distress Fails as a Matter of Law.

In Count VI of the Complaint, Plaintiff alleges a cause of action for intentional and/or negligent infliction of emotional distress. *See* [ECF No. 1]. As an initial matter, Florida does not recognize the tort of negligent infliction of emotional distress. *See Noveshen v. Bridgewater Ass'n, LLP*, 47 F. Supp. 3d 1367, 1377 (S.D. Fla. Sept. 22, 2014) (applying Florida law). Rather, Florida law allows for the recovery of damages for negligent infliction of emotional distress where a plaintiff manifests some physical injury because of emotional trauma. *Id.* Plaintiff does not allege any physical injury and is therefore precluded from seeking any damages for negligent infliction of emotional distress.

"To state a claim for intentional infliction of emotional distress under Florida law, the following four elements must be shown: (1) extreme and outrageous conduct; (2) an intent to cause, or reckless disregard to the probability of causing, emotional distress; (3) severe emotional distress suffered by the plaintiff; and (4) that the conduct complained of caused the plaintiff's severe emotional distress." *Noveshen*, 47 F. Supp. 3d at 1367-77.

Plaintiff fails to allege any facts supporting each of the required elements. More specifically, Plaintiff does not allege how Ross University acted "egregiously and with reckless disregard." Nor does Plaintiff allege any facts showing that Ross University's purported conduct was extreme or outrageous. Therefore, Count VI fails as a matter of law and should be dismissed. *Noveshen*, 47 F. Supp. 3d at 1377 (dismissing complaint where plaintiff failed to allege any facts supporting the allegations of all the required elements necessary to state a valid claim of intentional infliction of emotional distress).

9

**IV.     The Complaint Is An Improper Shotgun Pleading and Should Be Dismissed.**

The Eleventh Circuit bars shotgun pleadings. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008); *Weinstein v. City of N. Bay Vill.*, 977 F. Supp. 2d 1271, 1285 (S.D. Fla. 2013). Where complaints run afoul of the pleading requirements under Rule 8(a)(2) or 10(b), dismissal is warranted. *See Genesis NYC Enters., Inc. v. JAI Grp., SA*, Case No. 1:15-cv-23877-KMM, 2016 WL 1588397, at * 2 (S.D. Fla. Apr. 20, 2016); *Yahav Enter. LLC v. Beach Resorts Suites LLC*, Case No. 1:15-cv-22227-KMM, 2016 WL 111361, at * 2 (S.D. Fla. Jan. 11, 2016).

Here, Plaintiff re-alleges and incorporates allegations from all preceding counts – one of the most common type of pleading deficiencies highlighted in *Weiland*. 792 F. 3d 1321-23 ("The most common type – by a long shot – is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). Plaintiff's causes of action stem from several different events: (1) his first dismissal and Ross University's purported failure to provide him with an accommodation in 2011; (2) the OCR agreement entered into between the parties in 2011; (3) the alleged misrepresentations made by Ross University in 2011; (4) the purported hostile learning environment Plaintiff endured upon rematriculating back into the university in 2012; and (5) Plaintiff's second dismissal from Ross University in 2013.

By incorporating by reference preceding counts and facts, it is hard to discern which facts relate to which counts. Allegations pertaining to the purported failure to accommodation would not necessarily relate to Plaintiff's misrepresentation allegations, for example. Because the Complaint is an impermissible shotgun pleading, dismissal is warranted.

## **CONCLUSION**

WHEREFORE, defendant Ross University School of Medicine, School of Veterinary Medicine Limited respectfully requests for this Court to enter an Order (i) dismissing Plaintiff's Complaint and (ii) granting Ross University such other and further relief as the Court deems just and proper.

Dated:  July 22, 2019                                          Respectfully submitted,

**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile:  (305) 374-5095

By: *s/Michael C. Marsh*
Michael C. Marsh
Florida Bar No. 0072796
michael.marsh@akerman.com
simone.tobie@akerman.com
Ryan Roman
Florida Bar. No. 0025509
ryan.roman@akerman.com
dorothy.matheis@akerman.com
Octavia M. Green
Florida Bar No. 119179
octavia.green@akerman.com
simone.tobie@akerman.com

*Counsel for Defendant*

11

49458872;5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on this 22nd day of July 2019 to:

> David T. Tran
> 1871 Donner Avenue
> San Francisco, California 94124
> Telephone: (415) 497-8534
> Email: trantdavid@gmail.com

>> *s/Michael C. Marsh*
>> Michael C. Marsh